UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GABRIEL SEAMANS | : | |
| | : | |
| v. | : | C.A. No. 10-227ML |
| | : | |
| ASHBEL T. WALL | : | |
| | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before the Court is the State of Rhode Island's Motion to Dismiss the 28 U.S.C. § 2254 Petition filed by Gabriel Seamans. (Document No. 8). The State seeks dismissal solely on the ground that the Petition is time-barred under 28 U.S.C. § 2244(d)(1). Petitioner, proceeding pro se, filed an Objection to the Motion. (Document No. 9). This matter has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72. The Court has determined that no hearing is necessary. After reviewing the memoranda submitted by the parties, I recommend that the Motion to Dismiss (Document No. 8) be GRANTED, and that the Petition (Document No. 1) be DISMISSED.

**Facts and Travel**

Petitioner pled *nolo contendere* on July 26, 2000 to Second-Degree Child Molestation and was sentenced to eighteen months to serve and ten and one-half years suspended. See State v. Seamans, 935 A.2d 618 (R.I. 2007). Subsequently, on November 30, 2005, Petitioner pled *nolo contendere* to the offense of failure to notify law enforcement of sex offender address change. Id. While on probation, on August 31, 2006, Petitioner allegedly committed third degree sexual assault in violation of R.I. Gen. Laws § 11-37-6 and the terms of his probation. Id. At his probation violation hearing, the hearing justice found the victim's testimony credible, and was otherwise "reasonably satisfied that [petitioner] failed to

keep the peace and be of good behavior." Id. The hearing justice ordered Petitioner to "serve ten and one-half years of the suspended sentence," and Petitioner filed a timely appeal. Id.

On April 25, 2007, however, Petitioner pled *nolo contendere* to third degree sexual assault, the charge underlying his probation violation. The Rhode Island Supreme Court ultimately affirmed the probation violation on December 3, 2007 finding that the intervening plea of *nolo* rendered moot any objections to the outcome of Petitioner's probation violation hearing. Id. The Rhode Island Supreme Court went on to explain that the hearing justice did not act arbitrarily in the findings because the victim's testimony and corroborative inferences were sufficient to reasonably conclude that the Petitioner violated his probation. Id.

Petitioner filed his Petition for Writ of Habeas Corpus on May 21, 2010, and the State of Rhode Island filed its Motion to Dismiss on August 10, 2010 arguing that the Petition is time-barred. (Document No. 8). Petitioner filed his response to the Motion to Dismiss on August 31, 2010, arguing that his failure to file a timely petition "was due to the States [sic] adamant, egregious denial of discovery and relevant Documentation **(DUE PROCESS)** to adequately render State Appeals...[which] warrants extraordinary circumstances for State Imposed Obstruction." (Document No. 9). Petitioner alternatively requests dismissal without prejudice and an order for State Court review. Id.

**Analysis**

**A.     Statute of Limitations**

The sole issue raised by the State is the application of the statute of limitations to this action under 28 U.S.C. § 2254. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." It further provides that the limitation period begins to run on "the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review," but that it shall be tolled while any "properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. §§ 2244(d)(1)(A) and (d)(2).

The Rhode Island Supreme Court affirmed the hearing justice's probation violation finding on December 3, 2007. This decision constitutes a final judgment, and thus the statute of limitations began to run on March 4, 2008 when the Petitioner's time period for filing a Petition for a Writ of Certiorari with the U.S. Supreme Court expired. See Jimenez v. Quarterman, 129 S. Ct. 681, 685 (2009) (holding that direct review concludes under § 2244(d)(1)(A) when availability for direct review in state courts or for a writ of certiorari to the United States Supreme Court is exhausted). There is no record of any subsequent filings for post-conviction relief pursuant to R.I. Gen. Laws § 10-9.1-1, et. seq., that might have tolled the statute of limitations. (See Document No. 1 at 5-6). Because the one year period began to run on March 4, 2008 and there was no tolling of the limitations period, Petitioner had until March 4, 2009 to seek federal habeas relief. Since, the present Petition was not filed until May 21, 2010, it is therefore untimely under 28 U.S.C. § 2244(d)(1)(A) because it was filed over one year after the statute of limitations expired.

In arguing that he could not timely file his Petition "due to the States [sic] adamant, egregious denial of discovery and relevant Documentation," the Petitioner is apparently arguing for equitable tolling under either § 2244(d)(1)(B) or (D). (See Document No. 9 at 1). Petitioner's submission is unclear, but the Court will consider both possible arguments. First, under § 2244(d)(1)(D), 28 U.S.C., a tolling period is permitted if "the factual predicate of the claim" could not have been discovered through due diligence. Tolling under 28 U.S.C. § 2244(d) has been applied where a prosecutor actively shielded evidence from a petitioner, Douglas v. Workman, 560 F.3d 1156 (10th Cir. 2009); and where a witness recanted her trial testimony after the first petition was rejected, In re McDonald, 514 F.3d 539

(6th Cir. 2008). Petitioner does not contend he was misled as to the evidence or its existence, therefore, the only conceivable ground to seek tolling under this statutory section is his argument that the hearing justice "had a preconceived, bias opinion of guilt without due process." (Document No. 1 at 18). This is essentially the same argument the Petitioner raised in the Rhode Island Supreme Court, where he argued that the hearing justice acted arbitrarily in crediting the victim's testimony and finding him guilty on the probation charge. In his Petition, Petitioner has failed to offer any new evidence to supplement his previously rejected claim. Petitioner is therefore presenting the same facts he previously presented, and his bid for tolling under § 2244(d)(1)(D) is inappropriate and unsupported.

Alternatively, under 28 U.S.C. § 2244(d)(1)(B), the limitation period is tolled when "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed." Petitioner's argument that he filed outside the limitations period "due to the States [sic] adamant, egregious denial of discovery and relevant Documentation" could conceivably fall within this exception. (Document No. 9 at 1). This Court has noted, however, that where a petitioner makes a "bald assertion" that the State impeded his efforts to timely file by withholding documents, he must at least identify a document for which he was denied access or he must reference the dates on which he sought them. Otherwise, such bald claims could swallow the one-year filing rule. Taylor v. Wall, No. 09-06S, 2010 WL 2553536 at *2 (D.R.I. June 18, 2010). In this case, Petitioner fails to give any specific explanation in his Petition as to why he failed to file his 2254 Petition within one year after his judgment became final. In his Petition, Petitioner crossed out Section 18 in which he was asked to explain why the statute of limitations does not bar his Petition. (Document No. 1 at 13). Similarly, in his response to the State's Motion to Dismiss, Petitioner claims that his failure to comply with the statute of limitations was due to the State's denial of discovery but offers no specific explanation or other support. (Document No. 9 at 1). Petitioner has not demonstrated that he began his efforts to file a Petition within

the allotted time, and Petitioner never specifies any dates or documents to support his argument as such. Any potential tolling arguments under § 2244(d)(1)(B) are therefore unsupported and fail.

Finally, the Petitioner does not allege the violation of any constitutional right recently recognized and made retroactive by the United States Supreme Court, therefore, any analysis of the issue of tolling under § 2244(d)(1)(C) is unnecessary.

**Conclusion**

For the foregoing reasons, I recommend that the State's Motion to Dismiss (Document No. 8) be GRANTED, and that the Petition (Document No. 1) be DISMISSED with prejudice. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 6, 2010